# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| In Re:<br><br>**CODY W. PLICKA and ANGELE M. PLICKA,**<br><br>Debtors. | Bankruptcy Case No. 21-40525-JMM |
|---|---|

## MEMORANDUM OF DECISION

**Appearances:**

    Kameron M. Youngblood, Idaho Falls, Idaho, former attorney for debtors.

    Andrew S. Jorgensen and Jason R. Naess, Boise, Idaho, attorney for the United States Trustee.

    Heidi Buck Morrison, Pocatello, Idaho, attorney for trustees Gary Rainsdon and Sam Hopkins.

### *Introduction*

Debtors Cody W. Plicka and Angele M. Plicka ("Debtors") filed a chapter 7[1] bankruptcy petition on September 7, 2021. Ex. 416 at Doc. No. 1. In doing so, they were represented by attorney Kameron M. Youngblood ("Youngblood"). Upon finding a number of concerning issues with how Youngblood was handling his cases, the United

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM OF DECISION — 1

States Trustee ("UST") filed a motion for sanctions in this and over 50 other cases, of which 44 were assigned to this Court. Doc. No. 16. The Court conducted a hearing on the motions on November 18, 2021, after which it permitted supplemental briefing. Following the briefing, the motions were deemed under advisement.

After considering the record, submissions, and arguments of the parties, as well as applicable law, this decision resolves the motion. Fed. R. Bankr. P. 7052; 9014.

### *The Sanctions Motion*

In the motion in this case, the UST alleges one specific item of sanctionable conduct, namely, that Youngblood violated the wet-ink signature requirements found in the Bankruptcy Code, Rules, and this Court's local rules. Additionally, with regard to the sanctions motions filed in each of the separate cases, when considered as a whole, the UST alleges a pattern and practice of violations under § 526. As a result, the UST seeks the following monetary and non-monetary remedies:

1. Cancelling or voiding any contract or agreement between the Debtors and Youngblood under § 329;

2. Disgorging the fees Debtors paid to Youngblood under § 329;

3. Injunctive relief under § 526(c)(5) and the Court's inherent powers, specifically:
    a. Suspending Youngblood's practice in front of the Court until the Court is satisfied the concerns identified have been corrected;
    b. If Youngblood is allowed to practice in front of the Court again, requiring him to file a "status report" signed by the client and Youngblood in each case where he appears as counsel, attesting that:
        i. Youngblood personally met and reviewed the Petition, Schedules, Statement of Financial Affairs, and other documents with the client prior to filing;
        ii. The client's questions have been answered regarding the Petition, Schedules, Statement of Financial Affairs, and other documents, and the information included therein, and the client is satisfied he or she

MEMORANDUM OF DECISION — 2

     is receiving adequate representation from Youngblood; and
  iii. The client provided Youngblood a copy of the wet signatures for the Petition, Schedules, SOFA, and other documents filed in the case. The requirement to file such a report should continue until the Court is satisfied it is no longer necessary.

4. Imposing a civil penalty under § 526(c)(5)(B) against Youngblood to deter him from making untrue and misleading statements and misrepresentations in the future, as a result of his intentional violations, and pattern and practice of violating, §§ 526(a)(1), (a)(2), and (a)(3).

Doc. No. 16.  The Court will discuss each of the allegations and sanctions sought.

### *Applicable Law, Analysis, and Disposition*

1.  "Wet-Ink" Signature Violations

  Local Bankruptcy Rule 5003.1 governs electronic case filing.  According to this local rule, all documents to be filed in a bankruptcy case are to be filed electronically.  LBR 5003.1(c).  Original documents are to be retained by the filing party "for a period of not less than the maximum allowed time to complete any appellate process, or the time the case of which the document is a part, is closed, whichever is later."  LBR 5003.1(e).  The local rule also provides that the electronically filed document "shall be produced upon an order of the court."  *Id.*  Subsection (j) of the local rule addresses signatures.  It provides "[t]he electronic filing of any document by a Registered Participant shall constitute the signature of that person for all purposes provided in the Federal Rules of Bankruptcy Procedure.  For instructions regarding electronic signatures, refer to the ECF Procedures."  LBR 5003.l(j).  In turn, the "ECF Procedures" referred to are located on this Court's website.  *See* LBR 5003.1(b).  Paragraph 13A of the ECF Procedures document provides:

MEMORANDUM OF DECISION — 3

> A Registered Participant filing a Verified Pleading [a pleading in which a person verifies, certifies, affirms or swears under oath or penalty of perjury concerning the truth of matters set forth in that pleading or document] electronically shall insure the electronic version conforms to the original, signed pleading/document.  Each signature on the original, signed pleading/document shall be indicated on the electronically filed Verified Pleading with the typed name on the signature line of the person purported to have signed the pleading/document.  *The electronic filing of a Verified Pleading constitutes a representation by the Registered Participant that he or she has the original, signed document in his or her possession at the time of filing.*  The Registered Participant shall retain the Verified Pleading for a period of not less than the maximum allowed time to complete any appellate process, or the time the case or Adversary Proceeding of which the document is a part, is closed, whichever is later. The document shall be produced upon an order of the Court.

(emphasis added).  The ECF Procedures instruct attorneys to submit a scanned pdf copy of the original signature page of the original and any amended petition, schedules, and statement of financial affairs to the clerk at the same time as the electronic version is filed.  ECF Procedures, at ¶ 13B.  Finally, the ECF Procedures provide that the "original of all conventionally signed documents shall be retained pursuant to Dist. Idaho Loc. Civ. R 5.1(3) or LBR 5003.1(e)."  *Id.* at ¶ 19.

In this case, the UST takes no issue with the quality of the signature pages and argues only that the Youngblood has never filed the signature page corresponding to the statement of financial affairs.  Sanctions Motion, Doc. No. 16 at p. 13.  The Court's staff alerted Youngblood to this fact with a corrective entry on September 8, 2021.  Ex. 416.  When Youngblood failed to file the document, a second corrective entry was placed on the docket on October 7, 2021.  *Id.*  A couple of weeks later, the UST filed the motion for sanctions at issue here.  *Id.* at Doc. No. 16.  One week later, another attorney entered an

MEMORANDUM OF DECISION — 4

appearance on behalf of the Debtors and the missing signature page was filed.[2]

The UST contends that the "statement and representation that Youngblood had an original, signed copy of the Statement of Financial Affairs on September 7, 2021, then, appears to be untrue and misleading. If he had the original, signed document in his possession, it would have been an easy task for him to have scanned and filed the signature page in response to the Court's corrective entries." Doc. No. 16 at pp. 19–20.

While the Court agrees that Youngblood had the duty to file the signature page at issue and that he did not do so, it cannot make the leap in logic the UST requests. The fact that Youngblood filed all of the other signature pages makes it just as likely that he, in fact, had the original signature page for the statement of financial affairs in his possession and was simply neglectful in his responsibility to get it filed. The Court cannot condone such neglect—and it was certainly neglect, after all, there were two corrective entries issued to remind Youngblood of this missing page. On the other hand, the Court has no basis upon which to conclude that he did not have the page in his possession, and therefore no grounds to sanction Youngblood in this case.

2.  Injunctive Sanctions

As noted above, the UST seeks injunctive relief as well as a civil penalty under both § 526 and its inherent powers. While a pattern and practice of violating § 526 has been established by the other cases in which the sanctions motion has been filed, the

---

[2] The Court notes that the signatures for the statement of financial affairs each bear the date of August 1, 2021. Doc. No. 23. It is unclear whether this is the original signature page Debtors signed, or a new one that has been back dated.

MEMORANDUM OF DECISION — 5

Court will not extend it to this case, where no specific conduct is otherwise sanctionable. Moreover, while a bankruptcy court has the authority to regulate the practice of lawyers who appear before it using its inherent powers, *In re Hurd,* 2010 WL 3190752, at *2 (Bankr. D. Idaho Aug. 11, 2010), the Court will not do so in this case where Youngblood largely fulfilled his responsibilities.

Accordingly, no sanctions will be imposed in this case.

### *Conclusion*

Because the UST has not proven any sanctionable conduct occurred in this case, the Court will impose no sanctions on Youngblood.

A separate order will be filed.

DATED: May 4, 2022

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE